UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NOAH FORD,

        Plaintiff,

  v.

I.Q. DATA INTERNATIONAL, INC., et al.,

        Defendants.

C22-1791 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Pursuant to Federal Rule of Civil Procedure 26(e)(1)(B), the parties are ORDERED to serve and file supplemental initial disclosures that fully comply with the requirements of Rule 26(a)(1)(A) to the Docket no later than December 29, 2023.

(2) The parties are ORDERED to file any expert reports and/or disclosures that were due by the November 7, 2023, expert disclosure deadline, *see* docket entry dated November 3, 2023, to the Docket no later than December 29, 2023.

(3) Defendants' motion to compel, docket no. 50, is GRANTED in part and DENIED in part as follows:

    (a) Defendants' motion to compel is GRANTED as to Interrogatories 5, 6, 7, 9, 10, 13, and 14 and Requests for Production 13. Plaintiff's objections to these discovery requests are overruled and Plaintiff is ORDERED to provide amended responses to Defendants' Interrogatories 5, 6, 7, 9, 10, 13, and 14 and Requests for Production 13 no later than January 5, 2024. To the extent Plaintiff withholds any

MINUTE ORDER - 1

response, information, or document on privilege grounds, he must so indicate and produce a complete privilege log.

   (b)   Defendants' motion to compel is DENIED as to Interrogatory 11 and Requests for Production 38, 39, 40, and 42.

   (c)   Defendants' motion to compel is GRANTED as to the documents associated with FORD RFP – 0038, 0044, 0082, 0083, and 0090.  Plaintiff is ORDERED to provide the full documents associated with FORD RFP – 0038, 0044, 0082, 0083, and 0090 to Defendants no later than January 5, 2024.

   (d)   The Court AWARDS Defendants $1,000 in attorneys' fees against Plaintiff.  Plaintiff is ORDERED to pay $1,000 to Defendants no later than January 12, 2024.

(4)   Plaintiff's motion to compel, docket no. 53, is GRANTED in part and DENIED in part as follows:

   (a)   Plaintiff's motion to compel Rule 26(a) disclosures is DENIED as moot.

   (b)   Plaintiff's motion to compel is GRANTED as to Interrogatories 5 and 6.  Defendants' objections to these interrogatories are overruled and Defendants are ORDERED to amend their responses to Plaintiff's Interrogatories 5 and 6 no later than January 5, 2024.  To the extent Defendants withhold any response or information on privilege grounds, they must so indicate and produce a complete privilege log.

   (c)   Plaintiff's motion to compel amended responses is DENIED as to Interrogatories 1, 2, 3, 4, 7, and 8 and Requests for Production 1 and 2.  These discovery requests are impermissibly broad.

   (d)   Plaintiff's motion for attorneys' fees or other sanctions is DENIED.

   (e)   Plaintiff's motion to lift confidentiality designations is DENIED without prejudice.

   (f)   To the extent Plaintiff moves for any other relief in docket no. 53 that the Court has not addressed, such motions are DENIED without prejudice.

(5)   Plaintiff's motion for protective order, docket no. 61, is GRANTED in part and DENIED in part as follows:

   (a)   Plaintiff's motion for protective order is GRANTED as to the issue of recording the parties' meet and confers.  The parties' meet and confers must not be recorded.

(b) Plaintiff's motion for protective order is DENIED as moot as to all other relief sought.

(6) The Court will not consider any future discovery motions unless the parties obtain the Court's authorization prior to filing the motion. Further, counsel are ORDERED to file any declarations or exhibits supporting any future motion or filing as one consolidated docket entry. Failure to comply with this order may result in the improperly filed documents being stricken from the record or otherwise not considered by the Court.

(7) The parties are ORDERED to meet and confer and file no later than January 5, 2024, a joint proposed discovery plan. The joint proposed discovery plan must include what depositions remain to be taken, how long those depositions are estimated to last, any remaining discovery that remains to be propounded, and the time for responding to those discovery requests. The joint proposed discovery plan must also address whether and to what extent any pending case deadlines should be extended. To the extent the parties are unable to agree to any portion of the joint proposed discovery plan, each party must describe its objections in the joint filing.

(8) Except as ordered herein and briefing relating to the pending motion for sanctions, docket no. 78, and motion for summary judgment, docket no. 73, the Court STAYS the case pending the Court's approval of the parties' joint proposed discovery plan.

(9) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 21st day of December, 2023.

Ravi Subramanian
Clerk

s/Laurie Cuaresma
Deputy Clerk

MINUTE ORDER - 3