UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NOAH FORD,

          Plaintiff,

    v.

I.Q. DATA INTERNATIONAL, INC.,

          Defendant.

C22-1791 TSZ

MINUTE ORDER

    The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

    (1)    Defendant's motion to exclude the expert testimony of Thomas Tarter, docket no. 145, is GRANTED in part and DENIED in part as follows:

        (a)    Expert opinion testimony is admissible if (1) the witness is qualified to testify as an expert, (2) the expert's specialized knowledge "will help the trier of fact to understand the evidence or to determine a fact in issue," (3) "the testimony is based on sufficient facts or data," (4) "the testimony is the product of reliable principles and methods," and (5) "the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702. Rule 702 "assign[s] to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993). The party seeking to admit expert testimony bears the burden to establish by a preponderance of the evidence that the testimony is admissible. *Id.* at 592 n.10; *Lust ex rel. Lust v. Merrell Dow Pharms., Inc.*, 89 F.3d 594, 598 (9th Cir. 1996). Expert testimony " 'is reliable if the knowledge underlying it has reliable basis in the knowledge and experiences of the relevant discipline.' " *City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1044 (9th Cir. 2014) (quoting *Primiano v. Cook*, 598 F.3d 558, 565 (9th Cir. 2010)).

        (b)    Defendant's motion is GRANTED as to Tarter's testimony regarding the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692–1692p, the Fair Credit Reporting Act, 15 U.S.C. §§ 1681–1681x, and the Washington

MINUTE ORDER - 1

Consumer Protection Act, RCW Chapter 19.86.  Tarter is not qualified to testify about the legal standards of, alleged violations of, or defenses to, these statutes.

(c) Defendant's motion is also GRANTED regarding Tarter's testimony of actual damages sustained by Ford.  In his expert report, Tarter admitted he had could not provide an estimate of Ford's economic credit damages, the value of Ford's lost sleep, or the value of time and energy Ford spent to correct his credit, because Tarter had not reviewed any supporting documentation.  Tarter Preliminary Expert Report at pp. 37-38, Ex. 1 to Tarter Decl. (docket no. 67).  In his deposition, Tarter conceded he had not reviewed any discovery at the time of his report concerning Defendant's policies on providing information to credit reporting agencies or how Defendant investigates disputed debts and claims of inaccurate reporting.  Tarter Dep. at 12:2-12:18, Ex. 1 to Def.'s Documents (docket no. 160-1).  In his offer of proof, Ford stated that, at trial, Tarter will not quantify or assign a dollar value to Ford's credit stigma, chilling, credit availability, credit expectancy, employment, or impact of a lower credit score.  Offer of Proof (docket no. 168 at 10).  The Court will also exclude any testimony from Tarter regarding topics not set forth in either his expert report or deposition testimony.

(d) Defendant's motion is DENIED as to any testimony from Tarter mentioned in his report or deposition not previously excluded.  Tarter has significant experience working in the financial and credit reporting industry, such as involvement in debt collection practices and seeking loan approvals involving personal lines of credit.  *See* Tarter Preliminary Expert Report at pp. 3, 7, 52-54, Ex. 1 to Tarter Decl. (docket no. 67).  This experience provides him with a reliable basis from which he may opine on these topics.  *See City of Pomona*, 750 F.3d at 1044. The Court will address at trial any individual relevancy objections to Tarter's testimony.

(2) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 5th day of September, 2024.

Ravi Subramanian  
Clerk

s/Laurie Cuaresma  
Deputy Clerk

MINUTE ORDER - 2